UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| JOHN WAYNE MYERS, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | )    2:00-cr-00104-DBH |
| | )    2:16-cv-00352-DBH |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent | ) |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner John Wayne Myers moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 54.) In 2001, following a jury trial, Petitioner was convicted of being a felon in possession of firearms and ammunition; the Court sentenced Petitioner to a term of 235 months in prison. Petitioner contends he is entitled to be resentenced because, pursuant to *Johnson v. United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), his prior Wisconsin burglary convictions no longer qualify as violent felonies for purposes of a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e).

The First Circuit granted Petitioner's request to file a successive section 2255 motion to address "solely the issue of whether Petitioner's Wisconsin burglaries qualified as predicates under § 924(e)(2)(B)." (*Myers v. United States*, Nos. 16-1864, 16-2135 (1st Cir. Jan. 12, 2017).) The First Circuit "express[ed] no opinion about the ultimate

merits of the issue." *Id.* The Government has requested summary dismissal. (Response, ECF No. 77.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend the Court grant the Government's request, and dismiss Petitioner's motion.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Petitioner was convicted of being a felon in possession of firearms and ammunition, 18 U.S.C. § 922; the Court sentenced him to a prison term of 235 months, to be followed by a term of five years of supervised release. *United States v. Myers*, 294 F.3d 203, 204, 206 (1st Cir. 2002). (Jury Verdict, ECF No. 22; Sentencing Tr., ECF No. 32 at 317; Judgment, ECF No. 29.)

At sentencing, the Government introduced without objection the criminal complaints and judgments for two Wisconsin burglary convictions, one in 1968 and the other in 1972. (Sentencing Tr. at 304-07; Attachments to Response, ECF Nos 77-1, 77-2.) The criminal complaints in both cases, and the judgment in the 1968 case, establish that the 1968 conviction and one count of the 1972 conviction involved the entry of a building without consent and with felonious intent. (Attachments, ECF Nos. 77-1 at 3, 9, 77-2 at 2.) The Court asked counsel whether the facts regarding the Wisconsin burglaries, among other prior convictions, were accurate. (Sentencing Tr. at 307.) Counsel conceded that the Government had established the prior convictions by a preponderance of the evidence. (*Id.*)

The remaining background relevant to Petitioner's motion is set forth in the First Circuit's judgment granting permission to file a successive section 2255 motion:

> Petitioner essentially concedes that his Wisconsin armed robbery qualified as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). Irrespective, he develops no argument that the armed robbery did not qualify, and the ground fails. However, it is unclear under current precedent whether Petitioner's Wisconsin burglary convictions qualified as violent felonies.

(*Myers*, Nos. 16-1864, 16-2135 (1st Cir. Jan. 12, 2017).)

## II. DISCUSSION

Petitioner's sentence was enhanced, pursuant to 18 U.S.C. § 924(a)(2), (e)(1), because the Court found he had at least three prior convictions that qualified as "violent felonies" under section 924(e)(2)(B).[1] (Sentencing Tr., ECF No. 32 at 310.) Without the

---

[1] Title 18 U.S.C. § 924(a)(2) provides: "Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be fined as provided in this title, imprisoned not more than 10 years, or both.

Section 924(e)(1) provides in relevant part:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be . . . imprisoned not less than fifteen years . . . .

Section 924(e)(2)(B) provides in relevant part:

> the term "violent felony" means any crime punishable by imprisonment for a term exceeding one year, . . . that—
>
> **(i)** has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> **(ii)** is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

enhancement, he faced a maximum of ten years in prison, but with three prior violent felonies, he faced a minimum of fifteen years in prison. 18 U.S.C. § 924(a)(2), (e)(1).

In *Johnson*, the Supreme Court held that the so-called "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii) is unconstitutionally vague. 135 S. Ct. at 2557. In *Welch v. United States*, --- U.S. ---, ---, 136 S. Ct. 1257, 1268 (2016), the Supreme Court determined that "*Johnson* announced a substantive rule that has retroactive effect in cases on collateral review." However, in *Johnson*, the Court explicitly left intact the enumerated offenses provision of section 924(e)(2)(B)(ii): "Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. Burglary is one of the offenses enumerated in section 924e)(2)(B)(ii). Therefore, to the extent Petitioner's prior Wisconsin burglary convictions remain valid under the enumerated crimes provision of section 924(e)(2)(B)(ii), Petitioner is not entitled to relief under *Johnson*.[2]

---

[2] Petitioner's prior Wisconsin burglary convictions are established in the record, as Petitioner conceded the factual accuracy of the criminal complaints and the judgments of conviction. (Sentencing Tr. at 304-07.) *See Shepard v. United States*, 544 U.S. 13, 20 (2005) (interpreting *Taylor* to hold that "generic burglary could be identified only by referring to charging documents filed in the court of conviction, or to recorded judicial acts of that court limiting convictions to the generic category, as in giving instructions to the jury"). In Wisconsin, a criminal complaint is a charging instrument. *See* Wis. Stat. § 968.01(2) ("The complaint is a written statement of the essential facts constituting the offense charged."); *State v. Forbush*, 796 N.W.2d 741, 747 (Wis. 2011) (noting that the right to counsel attaches upon the initiation of adversarial judicial proceedings by the filing of a criminal complaint or arrest warrant); (*State v. Bohanan*, No. 2015AP1175, 2016 WL 8650430, at *2 (Wis. Ct. App. Dec. 9, 2016) ("A criminal prosecution is initiated by the filing of a criminal complaint.") However, the Court did not discuss whether the prior Wisconsin burglaries qualified as violent felonies under the residual clause or the enumerated offenses clause of 18 U.S.C. § 924(e)(2)(B)(ii). (Sentencing Tr., ECF No. 32 at 310.) The Court concluded: "I determine this defendant is subject to the armed career criminal provisions under chapter 4 . . . ." (*Id.*)

The central issue is whether Petitioner is entitled to relief based on the Supreme Court's recent decision in *Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016).[3] In

---

[3] Even when the First Circuit authorizes the filing of a second or successive petition, this Court must preliminarily consider whether Petitioner's section 2255 motion should be dismissed for lack of jurisdiction under 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section.") *See In re Pendleton*, 732 F.3d 280, 283 (3d Cir. 2013) (noting that the grant of a motion to file a successive petition was "tentative, and the District Court must dismiss the habeas corpus petition for lack of jurisdiction if it finds that the requirements for filing such a petition have not in fact been met"); *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (holding that the district court reviews *de novo* whether the claim must be dismissed under section 2244(b)(1) or (2)).

Section 2244 requires that a successive claim be dismissed unless, among other grounds not applicable here, the claim "relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. §§ 2244(b)(2), 2255(h).

*Johnson v United States*, --- U.S. ---, 135 S. Ct. 2551 (2015), is a new rule of constitutional law that the Supreme Court made retroactively applicable to cases on collateral review. *Welch v. United States*, --- U.S. ---, ---, 136 S. Ct. 1257, 1268 (2016). However, *Johnson* does not entitle Petitioner to relief to the extent the prior Wisconsin burglary convictions qualify as predicate violent felonies under the enumerated crimes clause, rather than the residual clause, of 28 U.S.C. § 924(e)(2)(B)(ii).

*Mathis v. United States*, --- U.S. ---, 136 S. Ct. 2243 (2016), however, did not establish a new rule of constitutional law, and the Supreme Court did not declare the holding to be retroactively applicable. 136 S. Ct. at 2251-52 (noting that the Court's prior precedent, including *Descamps v. United States*, --- U.S. ---, ---, 133 S. Ct. 2276, 2283 (2013), indicated the rule was not new); *Holt v. United States*, 843 F.3d 720, 722 (7th Cir. 2016) (noting that "*Mathis* has not been declared retroactive by the Supreme Court − nor is it a new rule of constitutional law"); *Dimott v. United States*, Nos. 2:06-cr-26-GZS, 2:16-cv-347-GZS, 2016 WL 6068114, at *3, 2016 U.S. Dist. Lexis 142354, at *6-7 (D. Me. Oct. 14, 2016), appeal docketed, No. 16-2289 (1st Cir. Oct. 25, 2016). A question, therefore, exists as to whether the Supreme Court's decision in *Johnson* permits the Court to assess Petitioner's Wisconsin burglaries under *Mathis*. For instance, in *Holt*, the Seventh Circuit held that a challenge to a prior burglary conviction was necessarily based on statutory interpretation, rather than the constitution, and, under the standards that apply to second or successive section 2255 motions, the claim was not a *Johnson* claim. *Holt*, 843 F.3d at 723-24. In other words, under the reasoning of *Holt*, *Johnson* does not open the door to a second or successive section 2255 challenge to a prior conviction under the enumerated crimes clause. *Id.; but see In re Adams*, 825 F.3d 1283 (11th Cir. 2016) ("[W]e conclude that Mr. Adams has made the requisite prima facie showing [to file a second or successive section 2255 motion] because his prior Florida conviction for burglary of an unoccupied dwelling may not qualify as a valid predicate offense after *Johnson*."). Although the First Circuit has not yet directly ruled on the issue whether *Johnson* permits a reexamination of a prior conviction under the enumerated crimes clause, because in its judgment authorizing Petitioner's second or successive claim based on whether Petitioner's burglary convictions qualify as predicates under 18 U.S.C. § 924(e)(2)(B), the First Circuit wrote, "it is unclear under *current precedent* whether Petitioner's Wisconsin burglary convictions qualified as violent felonies," I have evaluated the burglary convictions under *Mathis*. (*Myers*, Nos. 16-1864, 16-2135 (1st Cir. Jan. 12, 2017) (emphasis added).)

5

*Mathis*, in its assessment of Iowa's burglary statute, the Supreme Court reiterated that a prior crime does not qualify as a predicate violent felony under section 924(e)(2)(B)(ii) unless "its elements are the same as, or narrower than, those of the generic offense." 136 S. Ct. at 2247. The Court determined that the same rule applies to a statute of conviction "that lists multiple, alternative means of satisfying one (or more) of its elements." *Id.* at 2248. Because Iowa's burglary statute provided the offense could be committed in land, water or air vehicles, as well as buildings and structures, the "locational element" of the burglary statute rendered the crime broader than generic burglary, which includes only buildings and structures, *id.* at 2250.

Although the First Circuit apparently has not decided whether a Wisconsin burglary of a "building or dwelling" is a generic burglary, the Eighth Circuit did so in *United States v. Lamb*, 847 F.3d 928 (8th Cir. 2017), which provides persuasive authority. *See Powell v. Alexander*, 391 F.3d 1, 24 (1st Cir. 2004) (noting that a party's reliance on nonbinding but persuasive authority from another circuit on an issue of first impression in this circuit, provided a "plausible" argument). In *Lamb*, which was on remand for reconsideration following *Mathis*, the Eighth Circuit held that a Wisconsin burglary of a "building or dwelling" constituted a "violent felony" under the enumerated crimes clause, 18 U.S.C. §924(e)(2)(B)(ii), for purposes of an enhanced sentence. 847 F.3d at 930, 933-34.

Specifically, the Court concluded that section 943.10(1m) of the Wisconsin burglary statute is divisible because subsections (a) through (f) "list the locational elements of

6

divisible burglary offenses."[4]  847 F.3d at 932.  The Court held that a modified categorical approach may be used to determine which of the locational elements applies.[5]  *Id.*

As to subsection 943.10(1m)(a), which addresses burglary of "[a]ny building or dwelling," the Eighth Circuit concluded that it would "defer to the Seventh Circuit's greater familiarity with Wisconsin law and assume without deciding that § 943.10(1m)(a) is indivisible under *Mathis*."  *Id.* at 933 (citing *United States v. Edwards*, 836 F.3d 831, 838

---

[4] The Wisconsin burglary statute, section 943.10(1m), currently provides:

> Whoever intentionally enters any of the following places without the consent of the person in lawful possession and with intent to steal or commit a felony in such place is guilty of a Class F felony:
>
> **(a)** Any building or dwelling; or
>
> **(b)** An enclosed railroad car; or
>
> **(c)** An enclosed portion of any ship or vessel; or
>
> **(d)** A locked enclosed cargo portion of a truck or trailer; or
>
> **(e)** A motor home or other motorized type of home or a trailer home, whether or not any person is living in any such home; or
>
> **(f)** A room within any of the above.

At the time of Petitioner's 1971 burglary, the statute contained fewer and differently-numbered subsections; however, the relevant subsection, which now is codified at section 943.10(1m)(a), is worded the same now as it was then as to the locational element of burglary relevant here, i.e., it provided: "Any building or dwelling."  Furthermore, then as now, the statute contained an additional subsection that provided: "A room within any of the above."

[5] "If an over inclusive statute has a 'divisible' structure−defining multiple crimes by listing one or more elements in the alternative−the Court applies a 'modified categorical approach' that 'permits [federal] sentencing courts to consult a limited class of documents, such as indictments and jury instructions, to determine which alternative formed the basis of the defendant's prior conviction."  *United States v. Lamb*, 847 F.3d 928, 931 (8th Cir. 2017) (quoting *Descamps v. United States*, --- U.S. ---, ---, 133 S. Ct. 2276, 2281 (2013)).

(7th Cir. 2016)).[6] "The Seventh Circuit recently concluded, after the careful review of Wisconsin law required by *Mathis*, 'that subsection (a) lists alternative means rather than elements and is therefore indivisible.'" *Lamb*, 847 at 933 (quoting *Edwards*, 836 F.3d at 838).

The Eighth Circuit concluded that because subsection 943.10(1m)(a) is indivisible, the Court "must apply the categorical approach to determine whether burglary of a 'building or dwelling' is generic burglary as defined in [*Taylor v. United States*, 495 U.S. 575 (1990)] – 'unlawful or unprivileged entry into, or remaining in, *a building or structure*, with intent to commit a crime.'" *Lamb*, 847 F.3d at 933 (quoting *Taylor*, 495 U.S. at 599). The Court determined that section 943.10(1m)(a) was not overinclusive, i.e., it was not broader than generic burglary:

> Section 943.10(1m) is part of the Trespass subchapter of the Wisconsin Statutes Crimes Against Property chapter. Although "dwelling" is not defined in § 943.10, the term is defined in another section of this subchapter, entitled criminal trespass to dwellings, as meaning "a *structure or part of a structure* that is used or intended to be used as a home or residence." Wis. Stat. § 943.14(1) (emphasis added). In § 943.10(1m), burglary of a dwelling is linked in subsection (a) to burglary of a building, a linkage that strongly suggests the word "dwelling" means a particular type or subset of a "building or other structure," consistent with the express definition in § 943.14. As the Seventh Circuit reasoned in *Edwards*, "the phrase 'building or dwelling' in subsection (a) is best understood as . . . providing two examples of enclosed

---

[6] In *United States v. Edwards*, 836 F.3d 831, 834 (7th Cir. 2016), the Seventh Circuit addressed whether a Wisconsin burglary of a "building or dwelling" was a "crime of violence" under the version of USSG § 4B1.2 in effect when the defendants in *Edwards* were sentenced; at the time, the guidelines listed "burglary of a dwelling" as a qualifying crime of violence. *Id.* The Seventh Circuit held that under *Mathis*, the terms "building" and "dwelling" were means rather than elements, and therefore a Wisconsin burglary of a "building or dwelling" under section 943.10(1m)(a) necessarily was broader than the offense under the sentencing guidelines. *Id.* at 838. Consequently, such a burglary no longer qualified as a sentencing guidelines crime of violence under USSG § 4B1.2(a)(2), and the defendants were entitled to be resentenced. *Id.*

8

structures." 836 F.3d at 837. We agree. Therefore, Lamb was convicted of generic burglary and properly sentenced under the ACCA.

*Lamb*, 847 F.3d at 933–34.[7]

Consistent with the Eighth Circuit's reasoning, Wisconsin law appears to lack any suggestion that at the time of Petitioner's crimes or later, the term "dwelling" was meant to include locations beyond those included in generic burglary. "The Supreme Court has explained that 'to find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language." *United States v. Quarles*, 850 F.3d 836, 839 (6th Cir. 2017) (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). "In order to succeed, the defendant must show 'a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime.'" *Id.* (quoting *Gonzales*, 549 U.S. at 193).

Petitioner has not demonstrated a realistic probability that Wisconsin would apply its statute to conduct outside the generic definition of burglary. The Wisconsin constitution provides that the Court may look to the common law in Wisconsin. Art. 14, § 13 ("Such parts of the common law as are now in force in the territory of Wisconsin, not inconsistent with this constitution, shall be and continue part of the law of this state until altered or suspended by the legislature.") However, the Wisconsin Supreme Court evidently has not defined the term "dwelling" under state common law for purposes of a burglary conviction. *See State v. Handeland*, 221 Wis. 2d 597 (Wis. Ct. App. 1998) (unpublished) (discussing

---

[7] As was the case in *Lamb*, when Petitioner committed the Wisconsin burglaries, section 943.14 did not contain a definition of "dwelling".

the common law definition of "dwelling," not by reference to Wisconsin common law, but rather by reference to *United States v. Dunn*, 480 U.S. 294, 300 (1987), which discusses the common law concept of curtilage as it relates to the Fourth Amendment). Under *Gonzalez*, 549 U.S. at 193, therefore, the term "dwelling," as applied to Petitioner's prior Wisconsin burglary convictions, cannot be interpreted to be broader than generic burglary.

In sum, the Wisconsin burglaries conform to generic burglary and qualify as ACCA predicate violent felonies under 18 U.S.C. § 924(e)(2)(B)(ii). Petitioner, therefore, is not entitled to relief.

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

### NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

> /s/ John C. Nivison
> U.S. Magistrate Judge

Dated this 22nd day of June, 2017.