**UNITED STATES DISTRICT COURT**

**DISTRICT OF MAINE**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| ) | |
| **v.** ) | **CRIMINAL NO. 2:00-CR-104-DBH** |
| ) | |
| **JOHN WAYNE MYERS,** ) | |
| ) | |
| **DEFENDANT/PETITIONER** ) | |

**ORDER AFFIRMING RECOMMENDED DECISION
OF THE MAGISTRATE JUDGE**

On June 22, 2017, the United States Magistrate Judge filed with the court, with copies to the parties, his Recommended Decision on 28 U.S.C. § 2255 Motion (ECF No. 80). The petitioner filed an objection to the Recommended Decision on September 18, 2017.

The petitioner has raised wide-ranging arguments in his response to the Recommended Decision. See Pet'r Mot. in Resp. (ECF No. 87). But the Court of Appeals for the First Circuit granted this court very limited jurisdiction in this matter: "one ground under Johnson v. United States, 135 S. Ct. 2551 (2015)," namely, "solely the issue of whether Petitioner's Wisconsin burglaries qualified as predicates under § 924(e)(2)(B)." Judgment (ECF No. 68). On that issue, I have reviewed and considered the Recommended Decision, together with the entire record; I have made a *de novo* determination of all matters adjudicated by the Recommended Decision; and I concur with the recommendations of the

United States Magistrate Judge for the reasons set forth in the Recommended Decision, and determine that no further proceeding is necessary.

It is therefore **ORDERED** that the Recommended Decision of the Magistrate Judge is hereby **ADOPTED**.  An evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases.  The petitioner's motion for habeas relief under 28 U.S.C. § 2255 is **DENIED**.  A certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases shall not issue because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

**DATED THIS 2ND DAY OF OCTOBER, 2017**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**